IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY KARL LAMBERT,

               Petitioner,

        vs.

UNITED STATES OF AMERICA,

               Defendant.
_____

CR 95-277-RE
CV 05-374-RE

OPINION AND ORDER

Jonathan S. Haub
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR  97204

      Attorney for Plaintiff

Gregory Karl Lambert
Federal Registration No. 60539-065
FCI Sheridan
P.O. Box 6000
Sheridan, OR  97378

      Defendant Pro Se

REDDEN, Judge:

      The matter before the court is defendant's motion (doc. 167) under the All Writs Act.

In his motion, defendant seeks to have his sentence reduced.

1 -    OPINION AND ORDER

Although defendant characterizes his motion as being brought under the All Writs Act, the motion attacks the legality of his underlying sentence. Section 2255 of 18 United States Code "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051 (2003). The Ninth Circuit refuses to permit defendants to circumvent the provisions of section 2255 by calling their motions something else. See, e.g., Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (court refused to permit defendant "to circumvent the successive motion bar by bringing a section 2241 petition" rather than a motion for relief under section 2255). Therefore, this court construes defendant's motion as a motion for relief under 28 U.S.C. § 2255 (2255 motion), which makes it his second 2255 motion.

I sentenced defendant to 163 months of imprisonment on March 21, 1996. He did not file a direct appeal but on June 24, 2004, filed a 2255 motion attacking his sentence. I denied the motion on August 19, 2004.

Defendant filed the motion at issue here on March 4, 2005. He seeks resentencing, relying on the U.S. Supreme Court's decision in United States v. Booker/United States v. Fanfan, 125 S.Ct. 738 (2005), wherein the Court held that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

First, defendant's motion is time-barred because 28 U.S.C. § 2255 contains a one-year statute of limitations that runs from the latest of: (1) the date on which the judgment of conviction becomes final (which date was in 1996); (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and has been made retroactively applicable to cases on collateral review;" or (4) the date on which the facts

supporting the claim presented could have been discovered through the exercise of due diligence. Defendant has presented no evidence or arguments of extraordinary circumstances that would have made the filing of a timely motion impossible. Further, no evidentiary hearing is required where, as here, the files and records conclusively show that defendant is not entitled to relief. United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998).

The only factor that could potentially extend the one-year statute of limitations in this case the holding of Booker/Fanfan which, defendant argues, creates a new legal right that did not exist at the time he was sentenced and that he is entitled to assert now. However, defendant's argument is of no avail because the Blakely/Booker rule does not apply retroactively to cases on collateral review. Although the Ninth Circuit has not ruled on the issue of retroactivity in the context of an initial Section 2255 motion, three other circuit courts have so ruled. See, e.g. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("Booker's rule does not apply retroactively in collateral proceedings"); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005"). Numerous federal district courts, including this one, have also so ruled. See, e.g., Gerrish v. United States, 353 F.Supp.2d 95, 96 (D. Me. 2005) (denying application for certificate of appealability because neither Blakely nor Booker apply retroactively to cases on collateral review); United States v. Lagrand, No. CR 02-124-BR (D. Or., Jan. 24, 2005) Op. at 5 (collecting other cases from this district); Sanders v. United States, No. CR 03-422-HA (D. Or., Jan. 25, 2005) Op. at 4 (citing other cases from this district). Therefore, defendant's motion must be denied because it is time-barred.

Second, defendant's 2255 motion must also be denied because it is his second. Section 2255 requires that before a second or successive 2255 motion is filed in district

court, the applicant must move the appropriate court of appeals for an order authorizing the district court to hear the matter. The court of appeals will not certify a second or successive 2255 petition unless it involves either newly discovered evidence that, if proven, would establish actual innocence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

In this case, defendant has not moved in the Ninth Circuit order authorizing the filing of the 2255 motion at issue here, nor has he identified newly discovered evidence establishing actual innocence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Therefore, this court has no authority to consider defendant's latest 2255 motion.

For the reasons discussed above, defendant's 2255 motion (doc. 167) is DENIED, and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated this __16th__ day of May, 2005.


___/S/ James A. Redden___
James A. Redden
United States District Judge